AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| BREHNEN KNIGHT | Case Number:  21cr3465-H |
| | Knut Johnson |
| | Defendant's Attorney |

**Registration Number:** 79272-509

☒ Modification of Restitution Order (18 U.S.C § 3664)

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Information

☐ was found guilty on count(s) _____

after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | . CONSPIRACY TO COMMIT SECURITIES FRAUD, MANIPULATIVE TRADING | 1 |
| . | . | |

The defendant is sentenced as provided in pages 2 through   6   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is dismissed on the motion of the United States.

☒   Assessment: $100.00.

☒   Fine waived      ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 2, 2023
Date of Imposition of Sentence

*Marilyn L. Huff*
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | BREHNEN KNIGHT | Judgment - Page **2** of **6** |
| CASE NUMBER: | 21cr3465-H | |

## PROBATION

Upon release from imprisonment, the defendant will be on probation for a term of:
3 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of probation, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | BREHNEN KNIGHT | Judgment - Page **3** of **6** |
| CASE NUMBER: | 21cr3465-H | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of probation. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on probation and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their probation that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of probation..

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | BREHNEN KNIGHT | Judgment - Page **4** of **6** |
| CASE NUMBER: | 21cr3465-H | |

## SPECIAL CONDITIONS OF PROBATION

1. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his probation and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Not engage in the employment or profession of broker, dealer, issuer, or promoter for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock.

5. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

6. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

7. The defendant is allowed to travel within the U.S. for employment.

//
//
//

21cr3465-H

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | BREHNEN KNIGHT | Judgment - Page **5** of **6** |
| CASE NUMBER: | 21cr3465-H | |

## RESTITUTION

The defendant shall pay restitution in the amount of   $71,184.18   to or on behalf of the following victims:

| **Victim** | **Amount** |
|---|---|
| J.J.A. | $119.70 |
| V.A. | $525.00 |
| B.S.C. | $15,397.90 |
| D.J.C. | $60.30 |
| T.D.D. | $3,407.00 |
| D.L.D. | $52.05 |
| M.D. | $48.70 |
| J.P.D. | $126.00 |
| M.L.L.E. | $12.60 |
| J.J.E. | $53.50 |
| E.L.G. | $108.00 |
| F.G. | $89.74 |
| M.G. | $63.00 |
| J.C.G. | $200.50 |
| B.A.H. | $164.10 |
| C.L.H. | $69.50 |
| M.D.K. | $2,190.00 |
| M.V.K. | $690.00 |
| C.L. | $350.00 |
| R.J.M. | $110.00 |
| S.M. | $420.00 |
| F.E.M. | $170.00 |
| J.M.M. | $2,600.00 |
| Y.P. & J.P. | $672.00 |
| T.R. | $309.60 |
| X.R. | $52.74 |
| W.C.S. | $20.00 |
| M.S. | $235.50 |
| E.T. | $345.00 |
| H.T. & M.T. | $114.70 |
| N.L.W. | $38.54 |
| J.W. & J.W. | $310.00 |
| H.T.W. | $44.50 |
| M.K.Z. | $60.75 |
| | |
| **SUBTOTAL:** | $29,230.92 |

21cr3465-H

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | BREHNEN KNIGHT | |
|---|---|---|
| CASE NUMBER: | 21cr3465-H | Judgment - Page **6** of **6** |

| Victim | Amount |
|---|---|
| J.W.P. | $19,250.00 |
| T.L.C. | $8,376.13 |
| C.G.S. & M.S. | $5,031.61 |
| B.J.L. | $2,850.00 |
| D.C.H. | $2,028.14 |
| J.C. & M.C. | $860.00 |
| M.S.H. | $650.00 |
| B.L. | $592.50 |
| L.I. | $398.00 |
| A.O.J. | $360.00 |
| T.C.H. & S.C.H. | $207.70 |
| R.A.H. | $199.98 |
| D.R.A. | $191.26 |
| D.P. | $135.20 |
| L.M. | $130.00 |
| B.A.H. | $107.00 |
| J.N.H. | $103.23 |
| J.E.G. | $93.60 |
| V.K. | $93.50 |
| J.R. | $87.00 |
| J.F.G. | $77.00 |
| B.C.M. | $43.06 |
| M.A.S. & S.L.S. | $30.50 |
| B.A.J. | $22.50 |
| J.P.J. | $13.85 |
| R.E.M. | $13.50 |
| A.G. | $8.00 |
| | |
| SUBTOTAL: | $41,953.26 |
| | |
| SUBTOTAL: (PREVIOUS PAGE) | $29,230.92 |
| | |
| GRAND TOTAL: | $71,184.18 |

Restitution shall be paid to the "Clerk, U.S. District Court," through the Office of the Clerk of the District Court, as referenced in the Order of Restitution.

Restitution shall be paid to the victims listed in the Victim List found in Exhibit A to the Declaration of Peter J. Melley filed under seal.

21cr3465-H